**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EMILY ZAVITSANOS,** | : | **CIVIL NO. 3:15-CV-0899** |
| **a/k/a DIANNA SHULLER,** | : | |
|              **Petitioner** | : | |
| | : | **(Judge Munley)** |
|              **v.** | : | |
| | : | |
| **PA STATE ATTORNEY GENERAL,** | : | |
| **JOHN E. WETZEL,** | : | |
|              **Respondents:** | | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

On June 6, 2012, petitioner Emily Zavitsanos a/k/a Dianna Shuller ("petitioner"), was sentenced in the Court of Common Pleas of Lebanon County, Pennsylvania to a term of incarceration of fifteen months to seven years following convictions for stalking in violation of 18 PA.CONS.STAT.ANN. § 2709.1 (a)(2) and one count of harassment in violation of 18 PA.CONS.STAT.ANN. § 2709(3). (Doc. 1; Doc. 7-3, Criminal Docket, CP-38-0001043-2011; Doc. 7-7; Doc. 7-12). On May 8, 2015, she filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her convictions. (Doc. 1). For the reasons set forth below, the petition will be denied as untimely.

**I.     Background**

Following the April 18, 2012 jury trial, the petitioner was found guilty of both counts. Prior to sentencing, petitioner filed a petition for post conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 7-3, p. 10; Doc. 7-5). The motion was denied the following day based on petitioner's failure to sign

the petition. (Doc. 7-3, p. 10). Sentence was imposed on June 6, 2012. Thereafter, she filed a post-sentence motion challenging the sufficiency of the evidence presented at trial and the sentence.[1] (Doc. 7-9). The motion was denied on October 17, 2012. (Doc. 7-13). A timely appeal was filed with the Superior Court of Pennsylvania. (Doc. 7-14). The superior court dismissed the appeal on February 1, 2013, for failure to comply with PA.R.A.P. 3517. (Doc. 7-18).

The instant petition was filed on May 8, 2015. (Doc. 1). Upon preliminary review, see R. GOVERNING § 2254 CASES R. 4, respondents were directed to file a response addressing the timeliness of the petition. (Doc. 4, citing United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district courts may *sua sponte* raise AEDPA's one-year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond) set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")). Petitioner was afforded the opportunity to file a reply. (Doc. 4). On June 15, 2015, respondents filed an answer to the petition seeking denial of the petition as untimely. (Doc. 7). Petitioner did not file a reply.

## II. Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

---

[1] On October 15, 2012, prior to disposition of her post-sentence motion, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court. The matter was assigned Civil No 3:12-CV-2069 and was summarily dismissed based on the pendency of ongoing state court proceedings.

2

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  See 28 U.S.C. § 2244(d) (1).  Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).  Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired.  See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner was sentenced on June 6, 2012.  Her appeal proceedings concluded on February 1, 2013, the date on which the superior court dismissed her appeal.  Her time for further pursuit of the direct appeal expired on or about March 3, 2013, at which time the judgment became final.  See Nara, 264 F.3d at 314. The one-year period for the statute of

3

limitations commenced running as of that date. Hence, the federal petition, which was filed on May 8, 2015, is patently untimely. However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A.    Statutory Tolling

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations in the matter *sub judice* began running on March 3, 2013, and, because no further state court proceedings were pursued after the February 1, 2013 dismissal of the appeal by the superior court, the statute expired on March 3, 2014. The federal petition which was received in this court on May 8, 2015, was filed after the expiration of the limitations period and is therefore untimely.

### B.    Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, he must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

As concerns extraordinary circumstances, they have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner fails to demonstrate that she pursued her rights diligently and that some extraordinary circumstance stood her way. See Pace, 544 U.S. at 418. Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

**III.   Conclusion**

For the reasons set forth above, the petition for writ of habeas corpus will be denied as untimely.

## IV.     Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, no COA will issue.

An appropriate order will issue.

**BY THE COURT:**

<u>**s/James M. Munley**</u>
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated:    August 18, 2015